# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * *   *
GARY ABDULLA,                             *
                                          *    No. 13-853V
              Petitioner,                 *    Special Master Christian J. Moran
                                          *
v.                                        *    Filed: February 13, 2015
                                          *
SECRETARY OF HEALTH                       *    Damages; decision based on proffer;
AND HUMAN SERVICES,                       *    influenza ("flu") vaccine;
                                          *    shoulder bursitis; rotator cuff tear.
              Respondent.                 *
* * * * * * * * * * * * * * * * * * * *   *
```

Ronald C. Homer, Conway, Homer & Chin-Caplan, P.C., Boston, MA, for petitioner;
Claudia B. Gangi, United States Dep't of Justice, Washington, DC, for respondent.

### UNPUBLISHED DECISION AWARDING DAMAGES[1]

On October 29, 2013, Gary Adbulla filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §300aa—10 through 34, alleging that he suffered bursitis in his left shoulder and a rotator cuff tear related to his receipt of the influenza ("flu") vaccine on October 12, 2011. On February 14, 2014, the undersigned determined that petitioner is entitled to compensation under the Vaccine Act.

On February 12, 2015, respondent filed a Proffer on Award of Compensation, to which petitioner agrees. Based upon the record as a whole, the special master finds the proffer reasonable and that petitioner is entitled to an award as stated in the Proffer. Pursuant to the attached Proffer, the court awards petitioner:

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

**A. A lump sum payment of $177,250.43, representing life care expenses for Year 1 ($9,021.00), compensation for lost earnings ($13,129.58), past un-reimbursed expenses ($5,099.85), and pain and suffering ($150,000.00), in the form of a check payable to petitioner, Gary Abdulla.**

**B. An amount sufficient to purchase the annuity contract described in section II.B. of the attached Proffer ("Appendix A").**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.

Any questions may be directed to my law clerk, Mary Holmes, at (202) 357-6360.

**IT IS SO ORDERED.**

                                                s/Christian J. Moran
                                                Christian J. Moran
                                                Special Master

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF THE SPECIAL MASTERS

_____
                                )
GARY ABDULLA,                   )
                                )
       Petitioner,             )
                                )   No. 12-853V
v.                              )   Special Master Moran
                                )   ECF
SECRETARY OF HEALTH AND         )
HUMAN SERVICES                  )
                                )
       Respondent,             )
_____ )

**RESPONDENT'S PROFFER ON DAMAGES**

      Respondent submits the following recommendations regarding items of compensation to be awarded to petitioner under the Vaccine Act.

**I.    Items of Compensation**

    A.    Life Care Items

      Respondent engaged life care planner Linda Curtis, RN, MS, CCM, CNLCP, and petitioner engaged Maureen Clancy, RN, BSN, CLCP, to provide an estimation of Gary Abdulla's future vaccine-injury related needs. All items identified in the agreed life care plan dated December 3, 2014, are supported by the evidence and are illustrated by the chart entitled Tab A: Summary of Life Care Items.[1] Respondent proffers Gary Abdulla ("petitioner") should be awarded all items of compensation that are set forth in the agreed life care plan and illustrated by the chart attached as Tab A. Petitioner agrees. Respondent further proffers that the appropriate growth rate for life care items of compensation should be four percent (4.0%) for

---

[1] The chart at Tab A illustrates the annual benefits as contained in the life care plan. The annual benefit years run from the date of judgment up to the first anniversary of the date of judgment and every year thereafter up to the anniversary of the date of judgment.

non-medical items and six percent (6.0%) for medical items, compounded annually from the date of judgment, as set forth in Tab B: Annuity Funding Portfolio.  Petitioner agrees.

    B.    <u>Lost Earnings</u>

The parties agree that based upon the evidence of record, Gary Abdulla has suffered a past loss of earnings as a result of her vaccine-related injury.  Therefore, respondent proffers that the Court should award Gary Abdulla a lump sum of $13,129.58 for his lost earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A).  Petitioner agrees.

    C.    <u>Pain and Suffering</u>

Respondent proffers that petitioner should be awarded $150,000.00 in actual and projected pain and suffering.  This amount reflects that the award for projected pain and suffering has been reduced to net present value.  <u>See</u> 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

    D.    <u>Past Unreimbursed Expenses</u>

Evidence supplied by petitioner documents his expenditure of past un-reimbursable expenses related to his vaccine-related injury.  Respondent proffers that the petitioner is entitled to past un-reimbursed expenses in the amount of $5,099.85.  Petitioner agrees.

    E.    <u>Medicaid Lien</u>

Petitioner represents that there are no outstanding Medicaid liens related to his vaccine-related injury.

    F.    <u>Attorney's Fees and Costs</u>

This proffer does not address final attorneys' fees and costs.  Petitioner is entitled to reasonable attorneys' fees and costs, to be determined at a later date upon petitioner filing substantiating documentation.

## II.  Form of the Award

The parties recommend that the compensation provided to petitioner for his future medical care needs should be made through a combination of a one-time cash payment and future annuity payments as described below, and request that the special master's decision and the Court's judgment reflect the following items of compensation.[2]

Respondent proffers and petitioner agrees that an award of compensation include the following elements:

A.  A lump sum payment of $177,250.43, representing life care expenses for Year 1 ($9,021.00), compensation for lost earnings ($13,129.58), past un-reimbursed expenses ($5,099.85), and pain and suffering ($150,000.00), in the form of a check payable to petitioner.

B.  An amount sufficient to purchase an annuity contract,[3] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A, attached hereto, and paid to the life insurance company[4] from

---

[2]  Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.

[3]  In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[4]  The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a.  A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

    b.  Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

    c.  Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

    d.  Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

which the annuity will be purchased.[5] Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent payments shall be provided through respondent's purchase of an annuity, which annuity will make payments directly to the petitioner only so long as he is alive at the time a particular payment is due. The "annual amounts" set forth in Tab B describe the total year sum to be paid and do not require that the payment be made in one single payment.

The parties agree that petitioner is a competent adult and that no guardians/ conservators of his estate will be required.

1. Growth Rates

Respondent proffers that a four percent (4.0%) growth rate should be applied to all non-medical items, and a six percent (6.0%) growth rate should be applied to all medical items. The benefits illustrated in the chart at Tab B that are to be paid through annuity payments should grow as follows: four percent (4.0%) for all non-medical items, and six percent (6.0%) for all medical items, compounded annually from the date of judgment. Petitioner agrees.

2. Life-contingent Annuity

Petitioner will continue to receive the annuity payments for future medical care from the Life Insurance Company only so long as he is alive at the time that a particular payment is due. Written notice to the Secretary of Health and Human Services and the Life Insurance Company shall be made within twenty (20) days of petitioner's death.

III. **Summary of Recommended Payments Following Judgment**

A. Lump Sum paid to Petitioner: **$177,250.43**

---

[5] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No.09-15-0056.

4

B.      An amount sufficient to purchase the annuity contract described above in section II. B.

Respectfully submitted,

JOYCE R. BRANDA
Acting Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

GLENN A. MACLEOD
Senior Trial Counsel
Torts Branch, Civil Division


/s/ Claudia B. Gangi
CLAUDIA B. GANGI
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel.: (202) 616-4138

Dated:   February 12, 2015

PET: Gary Abdulla  
D.O.B. 10/26/1963

TAB A

DATE: 02/10/15  
TIME: 08:12 AM

**SUMMARY OF LIFE CARE ITEMS - AGREED LIFE CARE PLAN dated 12/03/2014**

| ITEM OF CARE | Insurance | Medical Care | Ancillary Services | Medical Equipment | Medications | Home Services | Transportation | TOTALS of Items with a 6.0% Growth Rate | TOTALS of Items with a 4.0% Growth Rate | TOTALS OF 4.0% & 6.0% ITEMS & APPLYING THE GROWTH RATE |
|---|---|---|---|---|---|---|---|---|---|---|
| GROWTH RATE | 6.0% | 6.0% | 6.0% | 6.0% | 6.0% | 4.0% | 4.0% | | | |
| AGE YEAR | | | | | | | | | | |
| 52  2015 | 1,000.00 | 160.00 | 360.00 | 261.78 | 318.27 | 6,158.95 | 761.73 | 2,100.05 | 6,920.68 | 9,021 |
| 53  2016 | 1,000.00 | 160.00 | 480.00 | 14.57 | 318.27 | 6,064.90 | 271.71 | 1,972.84 | 6,336.61 | 8,681 |
| 54  2017 | 1,000.00 | 160.00 | 462.00 | 14.57 | 318.27 | 6,064.90 | 271.71 | 1,954.84 | 6,336.61 | 9,050 |
| 55  2018 | 1,000.00 | 160.00 | 462.00 | 14.57 | 318.27 | 6,064.90 | 271.71 | 1,954.84 | 6,336.61 | 9,456 |
| 56  2019 | 1,000.00 | 160.00 | 462.00 | 14.57 | 318.27 | 6,064.90 | 271.71 | 1,954.84 | 6,336.61 | 9,881 |
| 57  2020 | 1,000.00 | 90.00 | 462.00 | 14.57 | 318.27 | 6,064.90 | 246.23 | 1,884.84 | 6,311.12 | 10,201 |
| 58  2021 | 1,000.00 | 90.00 | 462.00 | 14.57 | 318.27 | 6,064.90 | 246.23 | 1,884.84 | 6,311.12 | 10,659 |
| 59  2022 | 1,000.00 | 90.00 | 462.00 | 14.57 | 318.27 | 6,064.90 | 246.23 | 1,884.84 | 6,311.12 | 11,139 |
| 60  2023 | 1,000.00 | 90.00 | 462.00 | 14.57 | 318.27 | 6,064.90 | 246.23 | 1,884.84 | 6,311.12 | 11,641 |
| 61  2024 | 1,000.00 | 90.00 | 462.00 | 14.57 | 318.27 | 6,064.90 | 246.23 | 1,884.84 | 6,311.12 | 12,167 |
| 62  2025 | 0.00 | 90.00 | 462.00 | 14.57 | 318.27 | 6,064.90 | 246.23 | 884.84 | 6,311.12 | 10,927 |
| 63  2026 | 0.00 | 90.00 | 462.00 | 14.57 | 318.27 | 6,064.90 | 246.23 | 884.84 | 6,311.12 | 11,395 |
| 64  2027 | 0.00 | 90.00 | 462.00 | 14.57 | 318.27 | 6,064.90 | 246.23 | 884.84 | 6,311.12 | 11,885 |
| 65  2028 | 0.00 | 119.00 | 380.40 | 103.57 | 318.27 | 8,316.90 | 246.23 | 921.24 | 8,563.12 | 16,223 |
| 66  2029 | 0.00 | 119.00 | 380.40 | 237.07 | 318.27 | 8,316.90 | 246.23 | 1,054.74 | 8,563.12 | 17,213 |
| 67  2030 | 0.00 | 119.00 | 380.40 | 27.28 | 318.27 | 8,316.90 | 246.23 | 844.95 | 8,563.12 | 17,447 |
| 68  2031 | 0.00 | 119.00 | 380.40 | 27.28 | 318.27 | 8,316.90 | 246.23 | 844.95 | 8,563.12 | 18,185 |
| 69  2032 | 0.00 | 119.00 | 380.40 | 27.28 | 318.27 | 8,316.90 | 246.23 | 844.95 | 8,563.12 | 18,955 |
| 70  2033 | 0.00 | 119.00 | 380.40 | 27.28 | 318.27 | 8,316.90 | 246.23 | 844.95 | 8,563.12 | 19,759 |
| 71  2034 | 0.00 | 119.00 | 380.40 | 27.28 | 318.27 | 6,816.90 | 246.23 | 844.95 | 7,063.12 | 17,437 |
| 72  2035 | 0.00 | 119.00 | 380.40 | 27.28 | 318.27 | 6,504.90 | 218.73 | 844.95 | 6,723.62 | 17,442 |
| 73  2036 | 0.00 | 119.00 | 380.40 | 27.28 | 318.27 | 6,504.90 | 218.73 | 844.95 | 6,723.62 | 18,194 |
| 74  2037 | 0.00 | 119.00 | 380.40 | 27.28 | 318.27 | 6,504.90 | 218.73 | 844.95 | 6,723.62 | 18,979 |
| 75  2038 | 0.00 | 119.00 | 380.40 | 27.28 | 318.27 | 6,504.90 | 218.73 | 844.95 | 6,723.62 | 19,799 |
| 76  2039 | 0.00 | 119.00 | 380.40 | 27.28 | 318.27 | 6,504.90 | 218.73 | 844.95 | 6,723.62 | 20,656 |
| 77  2040 | 0.00 | 119.00 | 380.40 | 27.28 | 318.27 | 6,504.90 | 218.73 | 844.95 | 6,723.62 | 21,551 |
| 78  2041 | 0.00 | 119.00 | 380.40 | 27.28 | 318.27 | 6,504.90 | 218.73 | 844.95 | 6,723.62 | 22,485 |
| | 10,000 | 3,186 | 11,248 | 1,105 | 8,593 | 181,190 | 7,073 | 34,132 | 188,263 | 400,430 |
| | 4.50% | 1.43% | 5.06% | 0.50% | 3.86% | 81.47% | 3.18% | | | 100.00% |

*This Report was generated using Sequoia Settlement Services, LLC Software (c) 1990*

**Abdulla AGREED LC Plan 12 03 14  02 10 15 REV3**

PAGE 1

# ANNUITY FUNDING PORTFOLIO

### AGREED LIFE CARE PLAN dated 12/03/2014

### 4.0 % & 6.0% GROWTH RATES

DATE: 02/10/15
TIME: 08:12 AM

Case No: 13-853V
PET: Gary Abdulla
D.O.B. 10/26/1963

| | | Column 1 | Column 2 | Column 3 | Column 4 | Column 5 | Column 6 | Column 7 | Column 8 | Column 9 |
|---|---|---|---|---|---|---|---|---|---|---|
| **Funding Item** | | TOTAL | ANNUAL | CASH & | ANNUITY | ANNUITY | ANNUITY | ANNUITY | ANNUAL | CUMULATIVE |
| **Starting Amount** | | MEDICAL | STRUCTURED | ANNUITY | 896 | 1,221 | 6,564 | 11,195 | SAFETY | SAFETY |
| **Inflation Factor** | | CARE NEEDS | SETTLEMENT | LUMP | 6.00% | 6.00% | 4.00% | 4.00% | MARGIN | MARGIN |
| **Beginning Year** | | 2015 | BENEFITS | SUMS | 2016 | 2016 | 2016 | 2028 | 2015 | 2015 |
| **Ending Year** | | 2041 | | | LIFE | 2027 | 2027 | LIFE | 2041 | 2041 |
| | | TOTAL | S/S | Cash & | Deferred | Deferred | Deferred | Deferred | Safety | Cum.Safety |
| AGE | YEAR | NEEDS | TOTAL | Lump Sums | Annuity | Annuity | Annuity | Annuity | Margin | Margin |
| 52 | 2015 | 9,021 | 9,021 | 9,021 | | | | | 0 | 0 |
| 53 | 2016 | 8,681 | 8,681 | | 896 | 1,221 | 6,564 | | 0 | 0 |
| 54 | 2017 | 9,050 | 9,071 | | 950 | 1,294 | 6,827 | | 20 | 20 |
| 55 | 2018 | 9,456 | 9,478 | | 1,007 | 1,372 | 7,100 | | 22 | 43 |
| 56 | 2019 | 9,881 | 9,905 | | 1,067 | 1,454 | 7,384 | | 24 | 67 |
| 57 | 2020 | 10,201 | 10,352 | | 1,131 | 1,541 | 7,679 | | 151 | 218 |
| 58 | 2021 | 10,659 | 10,819 | | 1,199 | 1,634 | 7,986 | | 160 | 377 |
| 59 | 2022 | 11,139 | 11,309 | | 1,271 | 1,732 | 8,306 | | 169 | 547 |
| 60 | 2023 | 11,641 | 11,821 | | 1,347 | 1,836 | 8,638 | | 180 | 727 |
| 61 | 2024 | 12,167 | 12,357 | | 1,428 | 1,946 | 8,983 | | 190 | 917 |
| 62 | 2025 | 10,927 | 12,919 | | 1,514 | 2,063 | 9,343 | | 1,993 | 2,910 |
| 63 | 2026 | 11,395 | 13,508 | | 1,605 | 2,187 | 9,716 | | 2,112 | 5,022 |
| 64 | 2027 | 11,885 | 14,124 | | 1,701 | 2,318 | 10,105 | | 2,239 | 7,261 |
| 65 | 2028 | 16,223 | 12,998 | | 1,803 | | | 11,195 | -3,225 | 4,035 |
| 66 | 2029 | 17,213 | 13,554 | | 1,911 | | | 11,643 | -3,659 | 376 |
| 67 | 2030 | 17,447 | 28,538 | 14,404 | 2,026 | | | 12,109 | 11,092 | 11,468 |
| 68 | 2031 | 18,185 | 14,740 | | 2,147 | | | 12,593 | -3,445 | 8,023 |
| 69 | 2032 | 18,955 | 15,373 | | 2,276 | | | 13,097 | -3,583 | 4,440 |
| 70 | 2033 | 19,759 | 16,033 | | 2,413 | | | 13,620 | -3,726 | 714 |
| 71 | 2034 | 17,437 | 16,723 | | 2,557 | | | 14,165 | -715 | 0 |
| 72 | 2035 | 17,442 | 17,443 | | 2,711 | | | 14,732 | 1 | 0 |
| 73 | 2036 | 18,194 | 18,195 | | 2,874 | | | 15,321 | 1 | 1 |
| 74 | 2037 | 18,979 | 18,980 | | 3,046 | | | 15,934 | 1 | 2 |
| 75 | 2038 | 19,799 | 19,800 | | 3,229 | | | 16,571 | 1 | 2 |
| 76 | 2039 | 20,656 | 20,657 | | 3,422 | | | 17,234 | 1 | 3 |
| 77 | 2040 | 21,551 | 21,551 | | 3,628 | | | 17,924 | 1 | 4 |
| 78 | 2041 | 22,485 | 22,486 | | 3,846 | | | 18,640 | 1 | 5 |
| ITEMIZED TOTALS | | 400,430 | 400,435 | 23,425 | 53,004 | 20,598 | 98,629 | 204,778 | 5 | 5 |

**Abdulla AGREED LC Plan 12 03 14  02 10 15 REV3**

*This Report was generated using Sequoia Settlement Services, LLC Software (c) 1990*